**CAJUN ELECTRIC POWER COOPERATIVE, INC.,**
**Plaintiff–Appellee,**

**v.**

**GULF STATES UTILITIES, INC.,**
**Defendant–Appellee,**

**v.**

**LOUISIANA PUBLIC SERVICE COMMISSION, Movant–Appellant.**

**No. 90–3839.**

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 1991.

Michael R. Fontham, Paul J. Zimmering, Alex J. Peragine, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for movant-appellant.

John H. Runnels, Tom F. Phillips, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for Gulf States Utilities Co.

John Schwab, John M. Sharp, Schwab & Walter, Baton Rouge, La., David L. Campbell, Joseph L. McReynolds, Deutsch, Kerrigan & Stiles, New Orleans, La., for Cajun Elec. Power Co-op.

---

**174**

## PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion August 26, 1991, 5th Cir.1991, 940 F.2d 117)

Before REYNALDO G. GARZA, HIGGINBOTHAM and DAVIS, Circuit Judges.

### PER CURIAM:

The New Orleans Public Service Commission, in its application for rehearing, contends primarily that our opinion in this case conflicts with an earlier panel opinion, *Gulf States v. Alabama Power Co.*, 824 F.2d 1465 (5th Cir.1987). Although *Gulf States v. Alabama Power* is similar to today's case, for the reasons stated in our opinion, we remain convinced that our opinion does not conflict with that opinion. We do not read *Gulf States v. Alabama Power* as holding that the LPSC must be allowed to intervene in every contract dispute in which one of its regulated utilities is embroiled. The record and arguments presented to us revealed nothing unique that LPSC could add to this litigation. At bottom, this is a breach of contract suit and LPSC does not suggest some interpretation of the contract that it could offer the district court that neither party would offer. Because we remain unconvinced that the addition of LPSC would add anything unique to this litigation, the application for panel rehearing is DENIED.

No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.